Irma Davis.  No. 7 9 1 4 .

-vs-  Court of Appeal-

Grand Lodge Knights of Pythias  -Parish of Orleans.
State of Louisiana.

--------------------

Dinkelpiel. J.

257

Dinkelspiel. J.

This suit was brought by Irma Davis, widow of Nathan-
ial Davis, who represents that the Grand Lodge of the
Knights of Pythias, of the State of Louisiana, under the
jurisdiction of the Supreme Lodge of the Knights of
Pythias of North America, South America, Europe, Asia,
Africa and Australia, organized in the State of Louisiana,
and doing business within the jurisdiction of this Court
is indebted to her, plaintiff, in the sum of $500. with
interest from June 30th. 1918, for the reasons;-
First; that she was married to the deceased, Davis, on
29th. March, 1911.
Second; that her husband died in March, 1918.
Third; that at the time of her husbands death, he was a
member in good standing of defendants lodge which was
in the jurisdiction of the Supreme Lodge, and being a
member of subordinate lodge known as Grand District
Lodge No. 41; that upon the death of her husband she
was entitled, as widow, to the sum of $500. from the
defendant; that under the charter of the Supreme Lodge
she was entitled to the endowment in the sum named to
be paid her by the Grand Lodge, Knights of Pythias, of
this State; that the Grand Lodge was under the jurisdic-
tion of the Supreme Lodge and as such bound by its rules
and regulations; that under said rules and regulations
only widows and orphans are entitled to said endowment,
and that there were no orphans left by her husband at
his death, as there was now issue of the marraige be-
ween them. That proof of death had been made to the
defendant; and, that she was unable to defray the
expenses of this suit, and prayed to be allowed to file
same under the provisions of Act 156 of 1912. That at

258

the time of the death of her husband he was the owner of an Insurance Policy in the Endowment Bureau, of the Grand Lodge of the Knights of Pythias of this State, which would entitle her to the sum of $500. for which she prays judgment.

The answer of defendant denies everything save and except that it is a body organized under the laws of the State of Louisiana, and under the jurisdiction of the Supreme Lodge Knights of Pythias; that the beneficiary of said deceased at first was the widow, but under the law, he, in his life time changed the beneficiary and made it payable to his mother, Mrs. Viola Scott, and that she was the proper person to whom this sum was due, and the sum of $500. was paid to her, as such beneficiary, on December, 10th. 1918, in accordance with the laws, rules and regulations of defendant institution.

Further answering the petition, defendant avers, that in matters of endowment the defendant, Lodge, has exclusive jurisdiction granted to it by the laws of said Supreme Lodge, and that the Supreme Lodge has no control over the endowment of the local Lodge, and that the only beneficiary at the time of the death was the mother of the deceased member, as above related, and that they had paid the mother. Hence, defendant prays for judgment in its favor.

On the trial of this cause admissions were made and signed by both Counsel in open Court, as follows;-

"This agreement of facts entered into this day between Prowell & Prowell, Attorneys for Irma Davis, and Frank B. Smith, Attorney for the Grand Lodge K. O. P. of the State of Louisiana,

259

under the jurisdiction of the Supreme Lodge
of K. O. P. of North America, South America,
Europe, Asia, Africa and Australia.
" It is admitted, that Irma Davis, plaintiff
herein, id the wife of Nathanial Davis.
That Nathanial Davis was a member in good
standing of the Grand Lodge, K. O. P.of the
State of Louisiana, being a member of a
subordinate Lodge, ~~Grand~~ *Jardin* District Lodge No.
41, K. O. P.
That Nathanial Davis held an endowment policy
of $500. in the aforesaid order at the time
of his death.
It is admitted, that Irma Davis, wife of
Nathanial Davis, was the original benefic-
iary under his endowment policy to the extent
of three fifths.
It is admitted, that Nathanial Davis changed
the beneficiary from his wife to Viola Scott,
his mother without his wife's consent.
It is admitted, that defendant has paid over
$500. to said Viola Scott.
It is admitted, that the Grand Lodge, K. O. P.
State of Louisiana, defendant herein, is under
the jurisdiction of, and subject to the author-
ity of the Supreme Lodge, K. O. P.
It is admitted, that under the act of incorpor-
ation of the Grand Lodge, K. O. P., State of
Louisiana, of which defendant was a member,
contained the following;-
' First;- The name and title of this corpor-
ation shall be the Grand Lodge, K. O. P., of
the State of Louisiana, under the jurisdit

260

jurisdiction of the Supreme Lodge.

It is admitted, that the original act of incorporation of the Grand Lodge of K. O. P. of the State of Louisiana, contained the following; Article, 3, page 16. ' The objects and purposes for which this corporation is formed are to give aid and assistance to its members in case of sickness and provide for their burial in case of death; also to provide relief for the widows and orphans of its deceased members in accordance with the disbipline and usage of said Supreme Lodge, K. O. P.

It is admitted, that the first four lines of Article 1, of the amended act of incorporation of the Grand Lodge, K. O. P., State of Louisia -na, is as follows;- ' The name, style and title of this corporation shall be the Grand Lodge of Knights of Phthias of the State of Louisiana, under the jurisdiction of the Supreme Lodge.

It is admitted, that Article 3, of the original act of incorporation, was amended as follows; The objects and purposes of which this corporation is formed are to give aid and assistance to its members in case of sickness, and to provide for their burial in case of death, also to provide relief for the widows, and orphans or other relatives, of those dependant upon its deceased members, in accordance with the discipline and usage of the Supreme Lodge K. O. P. of North America, South America, Europe,

Asia, Africa and Australia.

It is agreed, that nutizg nothing submitted
in this agreement of facts shall prevent
eith Counsel herein from producing such other
evidence or documents which may be found
necessary in this case."

We have carefully examined the various articles
quoted in reference to the matters submitted, and we
find Article 12, Section 3, pages 27 and 28, Supreme
Lodge Constitution; "Authority of the Supreme Lodge
is hereby given to the following jurisdictions to
conduct their endowment departments"; and amongst these
comes Louisiana.

Article 24, Section 5, page 38 of the Supreme Lodge
Constitution; quoting a part necessary for a decision
in this case only; -"A member of the order of Knights
of Pythias may change the name of the beneficiary on
his policy in accordance with the laws of the State of
Louisiana without obtaining the consent of the benefi-
ciary named on the policy previously issued."

And, Article 3, Section 5, page 58, Constitution of
defendant; "Within the above restrictions each member
shall have the right to designate his beneficiary, and,
from time to time have the same changed in accordance
with the laws, rules and regulations of the Society,
and no beneficiary shall have or obtain any vested
interest inma said benefit until the same has become
due and payable upon the death of said member."

Section 6, Act No. 256, General Assembly of Louisiana
of 1912;of  " A clause upon the policy, making it subject
to such modifications made and to be made, form a part
of the contract and authorize the amendment; that even
the wife as the original beneficiary was bound by it,

262

and could not recover after the change, although she still held the original policy".

This identical question was presented to this Court, x and will be found in 11. C. P. p. 117. Mrs. Hattie Marshall vs, Knights of Pythias.  In that case, plaintiff claimed of the Lodge the sum of $500., and avered, that she was married to her husband, Victor Marshall, in 1900; that he became a member of defendant corporation which issued to him in 1904, an endowment policy, of which she was the beneficiary; that he died in 1912, and that defendant refused to pay.

The defence was that the policy mentioned in the petition of plaintiff had ceased to exist since June, 16th. 1911; that Marshall changed his beneficiary, and another certificate or policy was issed in favor of Victoria Rankin, his daughter, and that said change was made in accordance with the laws, rules and regulations of the defendant corporation.

To this the plaintiff replied that neither Marshall nor the corporation had any right to change the benefici -ary, because at the date of the original policy, in her favor, there was nothing in it, or in the laws of the order providing for a change of beneficieries.. The original policy in plaintiff's favor promised to pay her "in accordance with the endowment laws xxxxxxxgx governing this Grand Lodge, and subject to such modifications made and to be made by the Grand Lodge K. O. P." etc.

It was admitted there, at the date of said policy, that there was nothing in the laws governing the Knights of Pythias confering upon any member the right to change the beneficiary." The Court goes on citing authorities; 48 A. 1203. 12 Pacf. 1125. Alba vs, Insurance Co. 118 La. 1021. and further; " It is immaterialthat the

original beneficiary held the certificate". Quoting ,
Thompson vs. Amos Lodge, 4 C. P. 317.

For the reasons herein assigned, it is ordered,
adjudged and decreed, that the judgment of the lower
Court be, and the same is hereby affirmed with cots
of both Courts.

(Judgment Affirmed.)